IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROSALYN MAYFIELD,

    Plaintiff,

v.

    Civil No. 2:17-cv-202

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See generally* Mot. Dismiss (ECF No. 4.) Plaintiff Rosalyn Mayfield's claim arises from a motor vehicle accident that occurred between herself and an employee of the United States Navy, Charles Castorina, on December 3, 2012. *See* Compl. (ECF No. 1-1.) Because Mr. Castorina was acting within the scope of his federal employment, the Court grants Defendant's Motion to Dismiss without prejudice.[1]

### I.    BACKGROUND

On November 21, 2014, Ms. Mayfield filed a Complaint in the City of Chesapeake Circuit Court, alleging that on December 3, 2012 Mr. Castorina negligently operated a motor vehicle, injuring Ms. Mayfield. Ms. Mayfield never served that Complaint. On December 2,

---

[1] Because the facts and legal contentions are adequately presented in the materials before it, oral argument would not materially aid in the decisional process and is waived. *See* E.D. Va. Civ. R. 7(J).

2015, the state court issued a notice that there had been no service within a year. Ms. Mayfield accepted an elective non-suit and filed a new Complaint on May 2, 2016.

On April 7, 2017, the United States Attorney for the Eastern District of Virginia invoked the Federal Tort Claims Act ("FTCA"), and certified that Mr. Castorina was acting within the scope of his federal employment at the time of the accident. *See* Certification (ECF No. 1-2); *see also* 28 U.S.C. § 2679.

The United States of America was substituted for Mr. Castorina. *See* Notice of Substitution (ECF No. 3.) Defendant removed the action to this Court, and filed a Motion to Dismiss asserting that Ms. Mayfield failed to exhaust her administrative remedies. *See* Notice of Removal; *see also* Mot. Dismiss; Mem. in Support (ECF No. 5.) Ms. Mayfield responded, challenging the Certification that Mr. Castorina was acting within the scope of his federal employment. *See* Resp. (ECF No. 7.)

II. **LEGAL STANDARD**

Evaluating whether the FTCA confers jurisdiction over an action against the United States may occur in a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). The plaintiff bears the burden of showing subject matter jurisdiction by alleging supportive facts. *See id.*; *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). The court may also consider facts and exhibits outside of the pleadings without converting the motion to dismiss into a motion for summary judgment. *See Williams*, 50 F.3d at 304.

A federal court must have subject matter jurisdiction over a lawsuit; otherwise the court lacks the power to award relief. *See First Am. Nat'l Bank v. Straight Creek Processing Co.*, 756 F.Supp. 945, 946 (E.D.Va. 1991). The United States is entitled to sovereign immunity and cannot be sued without its consent. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly,

the court's jurisdiction over claims against the United States is limited to the terms of the United States' consent to be sued. *See id.*; *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The FTCA provides a limited waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment. *See Williams*, 50 F.3d at 305. As a waiver of immunity, the FTCA is to be "strictly construed, and all ambiguities [ ] resolved in favor of the sovereign." *Robb v. United States*, 80 F.3d 884, 887 (4th Cir.1996) (citations omitted).

## III. ANALYSIS

To determine if Ms. Mayfield's claim falls under the FTCA, the Court must evaluate whether Mr. Castorina was acting within the scope of his federal employment at the time the claim arose. *See* 28 U.S.C. § 2679(b)(1). Ms. Mayfield admits that she failed to exhaust all administrative remedies, but explains that this failure occurred because she did not realize Mr. Castorina was a federal employee. *See* Resp. at 2, 8. Additionally, Ms. Mayfield challenges the Government's Certification that Mr. Castorina was acting within the scope of his federal employment at the time of the accident. This would excuse her from the exhaustion requirement. Although Ms. Mayfield acknowledges that the Certification provides *prima facie* evidence that Mr. Castorina was acting within the scope of his employment at the time of the accident, she requested limited discovery to evaluate this Certification. Defendant's Reply provided documentation that resolved Ms. Mayfield's proffered questions regarding scope of employment. Therefore, limited discovery is unnecessary. *See* Reply at 7; *see also* ECF Nos. 8-1, 8-2.

In a case presenting similar issues, a federal employee serving aboard a ship undergoing repairs in Massachusetts was on temporary travel orders to drive to Norfolk to deliver items associated with the ship. *See Wilkinson v. Gray*, 523 F. Supp. 372 (E.D. Va. 1981), *aff'd*, *Wilkinson v. United States*, 677 F.2d 998 (4th Cir. 1982). The employee was on a per diem

allowance covering mileage, lodging, and meals. He was in an accident on his way to dinner. The district court held that because the employee was on temporary travel orders that included transportation, lodging, and meals, the employee was within the scope of his employment at the time of the accident. *See id.* at 374.

Here, Mr. Castorina was on temporary travel orders to Norfolk to assist with repair of a ship. *See* ECF Nos. 8-1, 8-2. The Navy paid for Mr. Castorina's lodging, and Mr. Castorina was traveling to dinner at the time of the accident. *See id.* As with the employee in *Wilkinson*, the Navy provided Mr. Castorina with a rental car and a per diem allowance. Therefore, this Court concludes that Mr. Castorina was acting within the scope of his employment at the time of the accident.

Because Mr. Castorina was acting within the scope of his employment, Ms. Mayfield must exhaust all administrative remedies before advancing a FTCA claim. *See* 28 U.S.C. § 2401(b) (requiring presentation in writing to appropriate federal agency within two years of claim's accrual); *Gould v. United States Dept. of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (The FTCA "specifically requires an initial presentation of a claim to the appropriate federal agency within two years of the accrual of the cause of action and a final denial by that agency as a jurisdictional prerequisite to suit under the Act.") The FTCA is a limited waiver of sovereign immunity, and no immunity is waived "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

Federal courts have dismissed complaints "where a plaintiff failed to file a claim with the appropriate federal agency within the two-year limitations period, even in cases where the plaintiff's failure to submit a claim in a timely manner was the result of the plaintiff's *ignorance*

*of the defendant's status as a federal employee."* See *Gould*, 905 F.2d at 742 (citing *Flickinger v. United States*, 523 F. Supp. 1372, 1375 (W.D. Pa. 1981)) (emphasis added).

Ms. Mayfield concedes that she did not pursue any administrative remedies. *See* Resp. at 8. Because "the requirement of filing an administrative claim is jurisdictional and may not be waived," Ms. Mayfield's failure to exhaust her administrative remedies requires dismissal without prejudice for lack of subject matter jurisdiction. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (internal quotations omitted).

The FTCA's exhaustion provision is jurisdictional. *See* 28 U.S.C. § 2675(a); *see also Benally v. United States*, No. 13-cv-0604, 2015 WL 10987109, at *3–4 (D. N.M. Oct. 22, 2015) ("'FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' and that '[b]ecause petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit' for lack of subject matter jurisdiction.") (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1). Ms. Mayfield's Complaint (ECF No. 1-1) is **DISMISSED without prejudice**.

IT IS SO ORDERED.

/s/
Arenda L. Wright Allen
United States District Judge

August 11th, 2017
Norfolk, Virginia